UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 24-cr-00574 (BAH) |
| : | |
| v. : | |
| : | |
| BRANDON D. SMITH, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S OMNIBUS PRETIAL MOTIONS

The Government submits the following memorandum to provide the required pre-trial evidentiary notices and to ensure the efficient and orderly presentation of evidence at trial. *First*, the Government provides notice pursuant to Federal Rule of Evidence 404(b) of its intent to offer evidence of Defendant Smith's prior possession of a firearm as relevant to his identity and access to firearms. *Second*, the Government provides notice pursuant to Federal Rule of Evidence 609 of its intent to impeach Defendant Smith with proof of his prior convictions should he testify. For the following reasons, the Government respectfully requests that the Court grant its omnibus pretrial motions. Finally, the government seeks to introduce Exhibits 1 through 4, which show defendant Greene's prior possession and use of the satchel bag in which a firearm was found on October 26, 2024.

### BACKGROUND

On October 26, 2024, at approximately 6:00 p.m., members of the Metropolitan Police Department ("MPD") observed a gray Infiniti Q50 sedan standing and idling on the west side of 16th Street SE, Washington, D.C., just south of Marion Berry Avenue SE, Washington, D.C., in an area marked by a sign stating, "Tow Away No Standing or Parking Anytime." The windows of the car were darkly tinted.



*The Location of the Car in a No Standing or Parking Anytime Zone*

Officers approached the car and asked the occupants to roll down the front windows. Defendant Smith was seated in the front passenger seat, and a woman was seated in the rear passenger seat, but there was no one else in the car. Defendant Smith rolled down both windows and told the officers that he was waiting for his brother.

As soon as the passenger window was rolled down, officers observed a half-empty bottle of Don Julio tequila at the defendant's feet and an open can of Natural Light beer in a cup holder in the center console.

At that moment, an individual later identified as KEITH GROSS, approached and told officers that he was the driver of the car.

One officer opened the passenger door and began speaking to Smith. Smith denied that the car was his. The officer asked, "Do you just have the alcohol right here and that's it?" Defendant Smith replied, "Yeah that's it," reached between his legs, and removed the bottle of tequila. The

officer then instructed Defendant Smith not to reach down. The officer removed the bottle of tequila and placed it on the roof of the car. The officer then asked Defendant Smith to step out of the car so that he could provide his name and information.



*An Open Can of Beer and Bottle of Tequila*



*The Strap of a Satchel Bag are Visible while the Defendant Reaches for the Tequila Bottle*

After Defendant Smith stepped out of the car, the officer removed the open can of beer from the vehicle. He then reached into the car and turned over a satchel-style bag located in the footwell of the front passenger seat that Smith had just vacated. The bag was already open, and the officer shined his flashlight into the opening. The officer immediately observed a firearm in the bag and called out "one eight hundred," a predetermined code for a firearm.



*The Tan Grip of the Firearm is Visible in the Bag*



*A Clearer View of the Firearm in the Satchel Bag*



*The Satchel Bag in Which the Firearm Was Found*

In the bag where the firearm was recovered, officers also found a bank card with Smith's name on it and a D.C. identification card for Smith.

The firearm was identified as a Glock 19x 9mm handgun bearing serial number BVCV801. One round was chambered, and an additional 16 rounds were found in the magazine. The gun was equipped with a magazine with capacity for at least 17 rounds.



*The Firearm, Ammunition, and Large Capacity Magazine Recovered*

A cell phone was found in the pocket of Smith's sweatshirt and seized incident to his arrest.

Defendant Smith was previously convicted in D.C. Superior Court case number 2014-CF3-021721 of Robbery and Possession of a Firearm during a Crime of Violence on February 9, 2016, and sentenced to imprisonment for 24 months and 60 months respectively, as well as supervised release. In addition, Smith was previously convicted in D.C. Superior Court Case number 2013-CF3-004887 of Attempt to Commit Robbery on June 24, 2013, and was sentenced to imprisonment for 14 months and supervised release for 3 years. Therefore, at the time he possessed this firearm, he was aware that he had been convicted of offenses punishable by more than one year imprisonment.

There are no firearm or ammunition manufacturers within the District of Columbia. Therefore, the firearm and ammunition necessarily traveled in interstate commerce in order to reach Smith.

On December 4, 2024, the Honorable G. Michael Harvey signed 24-SW-384, which authorized the Government to search the phone recovered from Smith's pocket and seize from its extraction evidence relating to gun possession. To date, the phones have not been fully extracted. However, law enforcement has reviewed the partial extractions of the cell phones. Exhibits 1-4 are photographs that were found in the cell phone extraction evidence.

On December 18, 2024, a Federal Grand Jury in the District of Columbia returned an indictment against Smith, charging a violation of 18 U.S.C. § 922(g)(1).

## ARGUMENT

I. **SMITH'S PRIOR POSSESSION OF A FIREARM IS ADMISSIBLE UNDER RULE 404(b)**

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity

7

purpose, including – but not limited to – motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)). As the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." *Bowie*, 232 F.3d at 929. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Bowie*, 232 F.3d at 929-30 (*quoting United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

There is a two-pronged test for determining whether evidence of prior crimes is admissible under 404(b). *First*, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435 (citation omitted). *Second*, the evidence is subject to the balancing test of Federal Rule of Evidence 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id*. Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger substantially outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

8

Admission of 404(b) evidence is permitted in the Government's case-in-chief, regardless of whether that issue is even disputed by the defense. *See Bowie*, 232 F.3d at 932. Indeed, even "a defendant's offer to stipulate to an element of an offense does not render the government's other crimes evidence inadmissible under Rule 404(b) to prove that element, even if the defendant's proposed stipulation is unequivocal, and even if the defendant agrees to a jury instruction of the sort mentioned in our earlier opinion." *Crowder II*, 141 F.3d at 1209.

Finally, in a criminal case, the prosecution is required to "provide reasonable notice" to the defense of 404(b) evidence it intends to offer at trial, including "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." This motion provides the requisite notice.

**A. Smith's Prior Possession of a Firearm is Relevant to His Intent and Access to Firearms.**

The Government intends on proving at trial that on October 26, 2024, Defendant Smith knowingly possessed the tan Glock 19x firearm that was recovered from his backpack. This is a constructive possession case. No witness will testify that they saw Defendant Smith in actual possession of the firearm. In other words, no one will testify that they saw Smith place the firearm in his backpack or otherwise handle the firearm.

On February 9, 2016, Defendant Smith was convicted of Possession of a Firearm during a Crime of Violence in D.C. Superior Court case number 2014-CF3-021721. Smith was sentenced to a term of confinement of 60 months for the charge. The fact that Smith possessed a firearm on a different occasion indicates that his possession of a firearm on October 26, 2024, was knowing and on purpose, not by mistake or accident. This is particularly the case here, where the firearm was recovered from a bag at Smith's feet. At the detention hearing in this case, Smith already

proffered purported statements by third parties that the gun was not in Smith's possession. The Government will necessarily have to disprove that Smith did not innocently, inadvertently, or accidentally have a bag with a firearm inside. Specifically, the government must prove that the defendant constructively possessed the firearm by proving that he "knew of, and was in a position to exercise dominion and control over, the weapon." *United States v. Clark*, 184 F.3d 858, 863 (D.C. Cir. 1999) (quoting *United States v. Byfield*, 928 F.2d 1163, 1166 (D.C. Cir. 1991)). Smith's prior possession of a firearm is probative to his knowledge and intent in possessing the tan Glock on October 26, 2024, and thus is admissible in the instant case.

> As the D.C. Circuit in *Cassell II* noted:
>
> A successful conviction, then, includes proof of a physical element (dominion and control over the actual weapons) as well as a mental element (knowing possession). In this case, the physical element is not contested: Cassell does not dispute that the firearms were recovered from his bedroom. He instead disputes the fact that he ever possessed the firearms, either knowingly or unknowingly, because, according to him, the firearms belonged to his uncle.
> . . .
> …the element in dispute was the mental element required for a conviction—that is, Cassell's knowing (and intentional) possession of the firearms recovered from his bedroom. We have previously held that "in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." *King*, 254 F.3d at 1100 (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)).

292 F.3d. at 792-93 (upholding a district court's admission of two prior firearm possessions when a defendant was charged with possession of a firearm by a felon and possession of a firearm during drug trafficking where the firearms were recovered from the defendant's uncle's apartment). Indeed, courts routinely permit evidence of prior gun possession to prove violations of 18 U.S.C. § 922(g) where a firearm is not recovered directly from a defendant's person. *See, e.g.*, *United States v. Linares*, 367 F.3d 941, 949 (D.C. Cir. 2004) (collecting cases); *see also United States v.*

*James Brown*, 16 F.3d 423 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 900 (1994) (defendant's gun possession during his arrest was admissible under Rule 404(b) because it was "relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe" during a search of his friend's home); *United States v. McCarson*, 527 F.3d 170, 173 (D.C. Cir. 2008) (defendant's prior possession of firearms admissible under Rule 404(b) where firearm recovered in drawer in defendant's girlfriend's apartment).

Thus, to the extent that Smith disputes possessing the recovered firearm, evidence of his prior possession of a firearm in 2016 is evidence that he—not another person—knowingly possessed the firearm recovered under the vehicle. Where a defendant can argue that he lacked knowledge of the firearm that he is charged with constructively possessing, this and other Circuits have consistently recognized that evidence of a prior firearms possession is admissible under Rule 404(b). *United States v. Davis*, 792 F.2d 1299, 1305 (5th Cir. 1986) (holding that defendant's prior possession of the same weapons was admissible to establish that his charged possession was knowing); *United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994) ("Use of prior acts to show knowledge is a proper purpose under Rule 404(b) and knowledge is relevant to establish scienter for [a] possession of a firearm violation."); *United States v. Gomez*, 927 F.2d 1530, 1534 (11th Cir. 1991) (prior conviction of possession of firearms relevant to current charge of possession of firearm to rebut claim that the current firearm possession was for an "innocent purpose" or "was mere accident or coincidence"). Evidence that Mr. Smith previously possessed a firearm is probative of the fact that his presence next to a backpack with a firearm in it (along with other items belonging to Mr. Smith in the same backpack) was not a mistake or accidental.

## B. The Probative Value of the Proffered 404(b) Evidence is Not Substantially Outweighed by Any Prejudicial Effect.

Evidence admissible under Rule 404(b) is subject to the restrictions of Rule 403. *See United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984). In this case, the highly probative value of the Government's proffered 404(b) evidence is not substantially outweighed by potential unfair prejudice to the defendant. "The prejudice that the court must assess is the prejudice that lies in the danger of jury misuse of the evidence." *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995). "While there is always a risk that jurors will misuse evidence of this type to veer into an impermissible propensity inference, this risk, absent 'compelling or unique evidence of prejudice' . . . 'cannot give rise to a per se rule of exclusion.'" *United States v. Harris*, No. CR 19-358 (RC), 2020 WL 6484311, at *3 (D.D.C. Nov. 4, 2020) (quoting *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007)).

There is no compelling or unique evidence of unfair prejudice in this case, let alone any that could not be cured by a limiting instruction. The Government will limit its presentation of evidence regarding Smith's prior conviction to the bare facts necessary to prove his prior firearm possession. The Government will not reference the underlying circumstances of that firearm possessing including the robbery surrounding it. Limited to these facts, the risk of unfair prejudice is mitigated and less likely to arouse a juror's animus. Any remaining risk of unfair prejudice can easily be cured with a limiting instruction by the court "instructing the jury to consider the evidence only for its proper purpose." *Mitchell*, 49 F.3d at 777; *see also McCarson*, 527 F.3d at 174 ("Where, as here, there is no compelling or unique evidence of prejudice, we deem such a limiting instruction sufficient to protect a defendant's interest in being free from undue prejudice by virtue of his prior conviction(s) being put into evidence.") (internal citations omitted).

## II. SHOULD SMITH TESTIFY, HE CAN BE IMPEACHED WITH HIS PRIOR CONVICTIONS.

Rule 609 of the Federal Rules of Evidence allows "for the admission of a defendant's prior convictions for purposes of impeachment, so long as the 'crime . . . was punishable by death or by imprisonment for more than one year' (that is, it was a felony), and 'the probative value of the evidence outweighs its prejudicial effect.'" *United States v. Ford*, 15-cr-25 (PLF), 2016 WL 259640, at *7 (D.D.C. Jan. 21, 2016) (quoting *United States v. Moore*, 75 F. Supp. 3d 444, 453 (D.D.C. 2014) and Fed. R. Evid. 609(a)(1)). In addition, the Rule requires the admission of convictions, even for crimes where the punishment is less than one year if the conviction for the crime required proof of "a dishonest act or false statement." Fed. R. Evid. 609(a)(2). The Rule also sets a higher bar for felonies where "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). In those instances, admission is still appropriate if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). As our Court of Appeals has observed, Rule 609 "stresses admissibility." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980). "Courts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." *Id.*

Should Defendant Smith testify, the Government should be permitted to impeach him with his conviction of Attempted Robbery on June 25, 2013, in D.C. Superior Court case number 2013-CF3-004887. The Government should also be permitted to impeach him with his conviction for Robbery on February 9, 2016, in D.C. Superior Court case number 2014-CF3-021721.

With respect to both convictions, Smith was released within the ten-year threshold for admissibility. Thus, the "more stringent limitations" that "govern the use of prior convictions that are more than ten years old" and require a finding that the probative value *substantially* outweighs its prejudicial effect are inapplicable. *Moore*, 75 F. Supp. 3d at 453; Fed. R. Evid. 609(b). These convictions must be admitted for impeachment if the probative value of the conviction outweighs any prejudicial effect. Fed. R. Evid. 609(a)(1)(B).

In *United States v. Lipscomb*, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (*en banc*), the D.C. Circuit conducted an exhaustive review of the legislative history of Rule 609 and noted that "Congress believed that all felonies have some probative value on the issue of credibility." The D.C. Circuit concluded as a result that that "all felony convictions are probative of credibility to some degree." *Id.* at 1062 (emphasis omitted). Courts in this district consider multiple non-exhaustive factors in determining whether to admit prior convictions for impeachment, including: the nature of the prior crimes, when the prior crime occurred, the similarity of the prior conviction to the charged offense, and the importance of the defendant's testimony. *See United States v. Jackson*, No. 1:21-CR-12-RCL, 2021 WL 5711941, at *1 (D.D.C. Dec. 2, 2021). All of these factors weigh in favor of permitting the proffered impeachment.

*First*, with regard to the nature of the crimes, Smith's attempted robbery and robbery convictions are indisputably relevant to his credibility because a "robbery conviction, involves theft and indicates a conscious disregard for the rights of others." *Id.* at 1072.

*Second*, Smith was only released from prison for these on or about August 26, 2021. The fairly recent proximity of his release weighs in favor of admission.

*Third*, the prior convictions are not similar to the crime at issue. While Smith possessed a firearm in the 2016 conviction, the context was significantly different than here. Given these

14

differences, there should be little concern that the jurors will conflate these prior offenses with the charged offense or otherwise be confused or prejudiced.

*Finally*, because the importance of the defendant's testimony and the degree to which the defendant's credibility is central to the case, both weigh in favor of admitting the three prior convictions. As the D.C. Circuit has noted, "it is unfair and misleading to a jury, when credibility is at issue, to refuse to admit relevant evidence that is directly probative on that issue." *Id.* A defendant's testimony has a significant effect upon a juror's evaluation of the crime and any defenses. *See Moore*, 75 F. Supp. 3d at 455 ("what [a defendant] might say in his own defense—e.g., the gun wasn't mine, the drugs were for personal use—could play a significant role in the jury's verdict. Hence, the probative value of [the defendant's] prior convictions is quite high."); *United States v. Jackson*, 627 F.3d 1198, 1209-10 (10th Cir. 2010) ("had [the defendant] chosen to take the stand his credibility would have been centrally in issue as it related to his 'flim flam' defense"). In this case, should he choose to testify, the defendant's testimony, and therefore his credibility, would likely be central to his defense.

The charge of possession requires proof of knowledge. The best evidence of that intent is in the defendant's mind. In other words, the defendant may offer evidence regarding his purported lack of knowledge, intent, and motive, which the government will need to rebut. These prior convictions provide the jury with the necessary background and context to measure the defendant's credibility. Each tells the jury something about his credibility as a witness or, as one Court put it, "[f]rom the jury's point of view … each conviction knocks a brick from [the defendant's] credibility wall." *Moore*, 75 F. Supp. 3d at 456.

Taken together, these factors indicate the probative value of the prior convictions outweighs their prejudicial effects. These convictions all fall within the ten-year window and speak

to the defendant's character for honesty. Moreover, because the defendant's knowledge is centrally at issue in this case and must necessarily be proven by circumstantial evidence, the jury is entitled to have all of the facts relevant to weighing his credibility. Any prejudice can be cured by an appropriate cautionary instruction to the jury by the Court. *See Lewis*, 626 F.2d at 948.

For these reasons, the government should be allowed to use Smith's prior convictions pursuant to Rule 609.

### III.  EXHIBITS 1-4 ARE ADMISSIBLE TO SHOW SMITH'S POSSESSION AND USE OF THE SATCHEL BAG PRIOR TO THE DISCOVERY OF THE FIREARM

Exhibits 1-4 separately show that defendant Smith has previously possessed and used the satchel bag from which the firearm was recovered. This is relevant evidence in this constructive possession case because it shows that defendant Smith previously owned and used the satchel bag in which a firearm was found on October 26, 2024. This evidence undercuts any claim that the bag belonged to or was controlled by some third party. Here, a reasonable jury could conclude that while defendant Smith constructively possessed the firearm, his constructive possession was unknowing. This argument is effectively rebutted however, where the government can show defendant Smith had possessed and used the bag prior to this arrest. The evidence presented in Exhibits 1-4 does not present danger of unfair prejudice, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. As such, Exhibit 1-4 should be admitted in the government's case in chief.

## **CONCLUSION**

For all of the foregoing reasons, the Government requests that the Court grant its pretrial motions to permit the introduction of relevant evidence and to ensure the efficient and orderly presentation of evidence at trial.

Respectfully submitted,

Edward R. Martin, Jr.
United States Attorney
D.C. Bar No. 481866

*/s/ Brendan M. Horan*
   Brendan M. Horan
   N.Y. Bar No. 5302294
   Cameron A. Tepfer
   D.C. Bar No. 1660476
   Assistant United States Attorneys
   601 D Street NW
   Washington, DC 20579
   (202) 730-6871
   Brendan.Horan@usdoj.gov