IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

United States of America

v.                                                    Case No. 1:24-CR-574-BAH

Brandon Smith

## Defendant's Response in Opposition

The government has asked the court for three rulings in advance of trial: that it be permitted to introduce, pursuant to Fed. R. Evid. 404(b) evidence of a ten-year old conviction; that it be permitted to impeach Smith with evidence of that conviction should he testify; and that four exhibits be preemptively admitted without any testimony. Smith objects to the first request; he asks the court limit the nature of the government's inquiry, should he testify, to the fact and dates of the prior convictions; and he asks that the court deny without prejudice the government's request to admit exhibits before any supporting testimony to authenticate them or explain their relevance.

## A decade-old conviction should not be admissible under Fed. R. Evid. 404(b).

Ten years ago, Brandon Smith was convicted of using a firearm during a crime of violence and robbery. Those convictions have no probative value in establishing that Smith knowingly possessed a firearm in October of 2024. More importantly, allowing the jury to know that he has a prior conviction for possessing a firearm during a crime of violence would substantially infect unfair prejudice into what should be a straightforward case. The Court should deny the government's request to introduce such evidence. Indeed, in the same pleading in which the government argues that the prior conviction is relevant because both involved a firearm, the government later asserted, "the prior convictions are not similar to the crime at issue . . . [and] the context was significantly different than here."

The D.C. Circuit has held that evidence that a defendant possessed "the same or similar things at other times is often quite relevant to his knowledge and intent" "in cases where a defendant is charged with unlawful possession" of something. *See United States v. Cassell*, 292 F.3d 788, 793 (D.C. Cir. 2002) (citing *United States v. King*, 254 F.3d 1098, 1100 (D.C. Cir. 2001). In cases of constructive possession, this evidence can be used to demonstrate the defendant's knowledge—an element of the offense. *See Cassell* at 793. But the government's argument falls flat here where a ten-year period separates the prior possession from the current one, and the government has no evidence that Smith possessed a firearm on any other occasion. Indeed, his successful completion of his term of supervised release tends to show that—at least when he was subject to random and scheduled searches—he was not in possession of any firearms.

In *Cassell*, the defendant was charged with possessing several firearms recovered from his residence. *See Cassell*, 292 F.3d at 790. The government sought to introduce evidence of a three-year old conviction for possessing a pistol as well as evidence that, a few weeks before his arrest, police found a firearm in a vehicle that he owned. All of the firearms were of the same type and same caliber. These events—especially the several-week old incident—were much closer in time to the charged offense than the ten-year period in Smith's case. And, ultimately, the court merely concluded that "there was no 'grave abuse' in the district court's decision" to admit evidence of the prior possession incidents. *See id*. At 796.

The D.C. Circuit has emphasized that the length of time between a prior conviction and a current charge can attenuate it such that it bears "little evidentiary value to the question" of the defendant's knowledge. *See United States v. Sheffield*, 832 F.3d 296, 308 (D.C. Cir. 2016). There, the defendant was charged with possession with intent to distribute

PCP. *See id.* The district court permitted the government to inform the jury that ten years prior, the defendant had been convicted for possession with intent to distribute PCP. *See id.* The D.C. Circuit found this decision erroneous. *See id.* The court emphasized how little a ten-year old conviction could help a jury to find the defendant knowingly possessed or intended to distribute PCP. *See id.* At 307. The court ultimately concluded that the "staleness of the conviction reduces its probative value such that it is substantially outweighed by the danger of unfair prejudice already inherent in the admission of prior-bad-act evidence. *See id.* At 308 (citing *United States v. Bigesby*, 685 F.3d 1060, 1065 (D.C. Cir. 2012)).

The government is offering the same theory of admissibility in Smith's case as in *Sheffield*: a ten-year-old conviction, the mere fact of which it hopes will demonstrate the defendant's knowing possession, without explaining how a single act (and a different crime) a decade ago shows that Smith knowingly possessed this gun which was not otherwise used in any other criminal offense. This court should follow *Sheffield*'s reasoning and prevent the government from offering this evidence.

**Any inquiry into the prior conviction should be limited to the name of the convictions, and the dates of the crimes and convictions.**

Should Smith testify, he agrees that the government may impeach him with evidence of his prior convictions under Fed. R. Evid. 609. However, the government's inquiry should be limited to the dates of the convictions and crimes and the names of the crimes. *See, e.g., United States v. Mitchell*, 427 F.2d 644 (3d Cir. 1970) (citing cases).

**The Court should not preemptively admit the government's exhibits.**

The government has provided four pictures that it obtained from Smith's phone purporting to show his possession of a bag similar or the same as the one in which the

firearm was found. Two of the photographs show a large portion of the bag in the presence of someone, but the person's face is not visible. The other two photographs show a picture of Smith's ID on what may be the same or a similar bag. But before introducing this evidence, the government should be required to explain at least where the photographs came from. Counsel assumes the government could easily call a witness to explain that the government partially extracted Smith's phone and obtained these pictures. Absent that testimony, the photographs do not have sufficient foundation for admissibility. But with that testimony, Smith does not intend to object to the admissibility of the images.

## Conclusion

The Court should preclude the government from introducing evidence of his prior 2014 conviction under 404(b) and 403. Should Smith testify, he agrees that he can be impeached with his prior convictions and their dates. And the Court should deny without prejudice, or hold in abeyance, any ruling on the government's request to admit images.

Respectfully submitted

/s/ Benjamin Schiffelbein and Tezira Abe

625 Indiana Ave NW, Ste 550
Washington, DC 20004
202 208 7500
Benjamin_Schiffelbein@fd.org and Tezira_Abe@fd.org